## In re WIESEN BROS.

(District Court, E. D. Pennsylvania. May 27, 1905.)

### No. 1,749.

BANKRUPTCY—ASSETS—RECOVERY BY TRUSTEE—ADVERSE CLAIMS.

Where, on petition of bankrupts' trustee to recover the balance collected on certain of the bankrupts' assigned accounts after payment of the debt for which they were assigned, the secured creditor answered, admitting that it held a certain amount, to which it made no claim, but alleged that it had been served with notice of a further assignment thereof by the bankrupts to B., who, though notified of the bankruptcy proceedings, took no steps to claim title to the fund before the referee, the creditor was properly ordered to pay such amount to the trustee without prejudice to B.'s right to prove his claim to the fund in the hands of the trustee.

Certificate of Referee.

See 135 Fed. 442.

Edmund Bayly Seymour, Jr., for trustee.

J. Hector McNeal and Francis A. McCarron, for Central Trust & Savings Co.

J. B. McPHERSON, District Judge. The following report of the learned referee (Alfred Driver, Esq.) contains a full statement of the facts that give rise to the question now before the court:

"On October 5th, 1903, the above-named debtors admitted in writing their inability to pay their debts, and on October 6, 1903, a petition in bankruptcy was filed against them, and on October 9th a receiver was appointed. On October 26, 1903, the adjudication was entered.

"The trustee had filed his petition alleging that said bankrupts in October, 1903, transferred to the Central Trust & Savings Company book accounts to the value of $4,683, and that said trust company collected of said accounts about the sum of $4,400, and now holds the sum of $694.95 over and above the amount it paid for said accounts, which sum is held by it as transferee or assignee of said bankrupts, and to which it makes no adverse claim; and the trustee prays for an order on said trust company to show cause why it should not pay over said sum of $695.95 to the trustee.

"Answering said petition, the Central Trust Company alleged that, from time to time, said Wiesen Bros. transferred to it book accounts of the face value of $4,678.50, but denies that it paid $3,511.44 for the same, and, on the contrary, alleges that it loaned said Wiesen Bros. $3,511.44 upon said book accounts, and that certain allowances were made by said Wiesen Bros. to the debtors upon said accounts, amounting to $154.37, and that after deducting certain allowances, interest, charge for services in collection, etc., there remains in the hands of the trust company the sum of $695.95, which the said company is not 'permitted to pay over to the trustee by reason of the fact that on or about the 3rd day of October, 1903, one Belber filed with said Central Trust & Savings Co. a copy of an assignment of any interest which said Wiesen Brothers might have had in said book accounts after said Central Trust Co. had been reimbursed for its advances, charges, etc.,' and

the trust company prayed that the petition of the trustee might be dismissed, or that the referee refrain from making any order thereon until it had been determined by a court of competent jurisdiction in whom the title to the said $695.95 is vested.

"Afterwards the trust company filed a supplemental answer, stating as new matter that on or about the 2d day of February, 1904, one Henry S. Belber began suit against it, in the court of common pleas of Philadelphia county, to recover the said sum of money alleged to be assigned to him by said Wiesen Bros., and that said suit is still undetermined, and prayed that the rule to pay be discharged, or that the referee refuse to make an order thereon until said suit is determined and the ownership of said fund decided.

"Attached to the answer are the following writings, which are copies, the originals not being produced:

"Philadelphia, Oct. 3, 1903.

"Central Trust & Savings Company, Philadelphia, Pa.

"Gentlemen: Please take notice that we have sold to Henry S. Belber all our interest in and to the accounts against the following debtors (Here follows a list of names of the debtors but without a list of the amount due by each debtor or of the total amount due.).

"You will please pay to them any and all moneys to which we may be entitled.

"Yours truly, Wiesen Brothers."

"Philadelphia, Oct. 3, 1903.

"Central Trust Company, 4th & Market Sts., City.

"Gentlemen: Please take notice that I claim all moneys which you may receive upon the following accounts assigned to you by Wiesen Bros. (here follows a list of names of the debtors but without a list of the amount due by each debtor or of the total amount due or claimed.).

"If these accounts are not promptly paid, please advise me so that I may take such steps as are necessary for the protection of my interests.

"Yours truly, Henry S. Belber, "2529 N. 33rd St., City."

"No evidence has been taken, or offered to be taken, upon the petition and answer by either party. Said Belber has not appeared, or intervened in any way in this proceeding. Belber has been restrained by order of this court from prosecuting his said suit in the court of common pleas.

"It appears by the pleadings, upon which this matter comes for decision, that the trust company does not assert title to said sum of $695.95; on the contrary, it is shown that it has no interest or ownership whatever in it.

"Although the alleged assignment of the money in question and the claim for it made by Belber were made October 3, 1903, two days before the admission of the bankrupts of their inability to pay their debts, and three days before the petition in bankruptcy was filed, Belber did not sue for the same until February 23, 1904, nearly four months after the adjudication had been entered.

"It is not shown by the answer when the money was collected by the trust company, or when the accounts were transferred to it; the allegation is that 'from time to time' the accounts were transferred to it.

"The trust company does not assert that it has the right to possession of this money by reason of its claim adverse to the bankrupt, and has not attempted to prove that such a claim existed at the time the petition in bankruptcy was filed.

"In Mueller v. Nugent, 184 U. S. 1, it is decided that a bankruptcy court has power by summary proceedings to compel the surrender to the trustee in bankruptcy of property of the bankrupt which has come into the hands of a third party before the filing of the petition in bankruptcy, to which he asserts no adverse claim.

"In the matter before us, there is no adverse claim made by the trust company, and no intention, expressed or apparent, to defend any such claim. The defense set up appears to be that the referee is without summary jurisdiction to require the payment to be made to the trustee, for the reason that the fund is claimed by another person, under a notice of claim dated Octo-

ber 3, 1903, which was on Saturday, and the admission of insolvency was made on October 5, 1903, which was on Monday.

"The alleged claimant is not called, nor is any of the bankrupts called by the respondent to show the bona fides of the transaction. There is nothing in the record to show that the claim made by Belber is asserted in good faith, or whether his claim is colorable or actual.

"In this case the trust company received certain accounts of the bankrupts, and made advances thereon to the bankrupts, and, after realizing upon the accounts and paying itself in full, admits a balance in its hands to which it has no ownership, and to which it makes no adverse claim. It is not sufficient to prevent the trustee from obtaining possession of this fund to allege that it is claimed by another person. There is no proof of the title in Belber.

"Upon the case as presented, there is nothing to prevent the determination of the matter by summary proceedings before the referee, and, the trust company not being an adverse claimant, the trustee is entitled to the possession of the fund."

In this ruling I think the referee was right. The trust company asserts no adverse claim on its own behalf, and there is not a scintilla of competent evidence to support the claim of Belber. It is not distinctly averred by the answer that Belber has even a formal title, for the trust company merely sets up as hearsay evidence that the bankrupts and Belber have so declared by certain letters, and of these the originals were neither offered nor proved. Belber's claim may be well founded, but at present there is nothing whatever to support it, or to indicate that it is made in good faith. He knew of the proceedings in bankruptcy at least as early as April 13, 1904, when the restraining order was made against him, but he took no steps to assert his title before the referee, and he did not appear to oppose the order now under consideration, although he knew that an application therefor was being made by the trustee.

It is therefore ordered that the trust company pay over to Charles J. McNulty, the bankrupts' trustee, the sum of $695.95, now in its hands, which appears to be the property of the bankrupts; but this order is without prejudice to whatever right Henry S. Belber may have to present and prove his claim upon the money in the hands of the trustee. And it is further ordered that the said Belber be enjoined and restrained until the further order of the court from prosecuting his suit in the court of common pleas of Philadelphia county against the Central Trust & Savings Company, in which suit he is seeking to recover the same sum of money from the trust company.